586 P.2d 1325

Emmett DOHERTY, Plaintiff-Appellant,

v.

Joseph M. NAIFEH and Frances J. Naifeh, husband and wife, Defendants-Appellees.

No. 2 CA–CIV 2947.

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Rehearing Denied Nov. 1, 1978.

Review Denied Nov. 21, 1978.

**514**

stract law, it does not apply here since the parties agreed otherwise.

In support of their position, appellees have cited the case of *Pickinpaugh v. Morton*, 268 Or. 9, 519 P.2d 91 (1974). There, the contractual provision concerning attorney's fees contained no clause allowing such fees in a suit to cancel the contract and is therefore inapposite.

The case is remanded with instructions to award appellant his reasonable attorney's fee.

RICHMOND, C. J., and HATHAWAY, J., concur.

Lesher, Kimble & Rucker, P. C., by Robert O. Lesher, Tucson, for plaintiff-appellant.

Robert C. Rowland, Tucson, for defendants-appellees.

## OPINION

HOWARD, Judge.

Appellant filed an action against appellees for rescission of a contract for the purchase of realty on the ground that he had been induced by fraud to enter into the contract. A provision in the contract stated:

> "If any suit shall be brought by either party to enforce or *cancel* this contract, the prevailing party to said suit shall be entitled to recover all costs and expenses necessarily incurred by him in connection therewith, including a reasonable attorney's fee to be fixed by the court." (Emphasis added)

The trial court refused to award attorney's fees. Appellant contends this was erroneous. We agree.

Appellees' theory is that appellant cannot rescind the contract and at the same time attempt to enforce one of its provisions. This being a suit for rescission based on fraud, it was a suit to cancel the contract. Cf., 13 Am.Jur.2d, Cancellation of Instruments, Sec. 1, 16 & 17 (1964). While this theory may be true as a statement of ab-